IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| Jennifer Cano, Individually and as the Administrator of the Estate of Pedro Cano Rodriguez; Kimberly Cano, Individually; and Peter Junior Cano, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>Tyson Foods, Inc.; Tyson Fresh Meats, Inc.; John H. Tyson; Samuel Dean Banks; Noel White; Tom Brower; Elizabeth Croston; Stephen R. Stouffer; Brent R. McElroy; Ed McAtee; Scott Little; Doug White; Laurie Garcia; and Amanda Brown,<br><br>Defendants. | CASE NO. 3:20-cv-00094-JAJ-HCA |

**BRIEF IN SUPPORT OF**

**EXPEDITED MOTION TO STAY/HOLD PROCEEDINGS IN ABEYANCE**

Pursuant to Local Rule 7(i) and 7(j), Defendants respectfully request that the Court stay all proceedings in this matter and hold all deadlines in abeyance until the Eighth Circuit issues a final ruling on the jurisdictional issues currently pending on appeal in the matters of *Buljic, et al. v. Tyson Foods, Inc., et al.*, No. 21-1010, and *Fernandez, et al. v. Tyson Foods, Inc., et al.*, No. 21-1012, which have been consolidated for appeal, and for which the Eighth Circuit granted a stay of proceedings pending its disposition of the appeals.

Like this case, the *Buljic* and *Fernandez* cases involve claims by Tyson employees who allege exposure to COVID-19—and like this case, those cases present the question of whether federal directives Tyson received during the pandemic as part of the nation's critical food infrastructure support federal officer removal jurisdiction.

That issue, which is central to the Plaintiffs' pending Motion for Remand in this case, is now pending on appeal to the Eighth Circuit. The requested stay here is appropriate to conserve judicial and party resources because the Eighth Circuit's forthcoming decision will likely provide highly relevant guidance for this Court's consideration of the propriety of jurisdiction or the need for a remand.

## Factual Background

Plaintiffs filed a Petition in Iowa state court alleging that Pedro Cano Rodriguez, a Tyson employee, passed away as a consequence of workplace exposure to COVID-19 (Dkt. 1-1). Defendants removed the case to federal court (Dkt. 1), because the Petition challenges actions taken by Defendants at the direction of a federal officer, 28 U.S.C. § 1442(a)(1), and because the Petition raises unique issues of federal law sufficient for federal question jurisdiction. 28 U.S.C. § 1331. Defendants then filed motions to dismiss the Petition for failure to state a claim and other grounds on December 7, 2020 (Dkts. 5-6).

Plaintiffs moved to remand on December 16, 2020 (Dkt. 9), and remand is fully briefed and pending before the Court. *See* Dkt. 12 (Defendants' Resistance to the

Motion for Remand); Dkt. 13 (Plaintiffs Reply in support of Plaintiffs' Motion to Remand); Dkt. 18 (Plaintiffs' Supplement to Plaintiffs' Motion to Remand). The Court already entered an Order Granting a Motion to Stay All Deadlines on December 23, 2020 until the Motion to Remand is ruled upon (Dkt. 11). The requested relief here is merely a logical extension of what has already been granted.

The *Buljic* and *Fernandez* lawsuits pending in the Eighth Circuit assert similar claims to those raised by Plaintiffs in this lawsuit. Those cases were also filed in state court and removed to federal court based on federal officer removal. The district court granted remand in *Buljic* and *Fernandez*, and all defendants including Tyson exercised their rights to immediately appeal to the Eighth Circuit.

A consolidated appellate briefing schedule has been set, and of particular significance here, the Eighth Circuit granted a stay pending its disposition of the appeal. *See Buljic* Appeal Briefing Schedule Order (Jan. 4, 2021), attached hereto as **Exhibit A**; *Fernandez* Appeal Briefing Schedule Order (Jan. 5, 2021), attached hereto as **Exhibit B**; Eighth Circuit Stay Order (Feb. 8, 2021), attached hereto as **Exhibit C** (staying the remand orders and consolidating the *Buljic* and *Fernandez* appeals). Defendants' opening brief was filed on February 16, 2021; Plaintiffs' response is due 30 days thereafter; and the reply brief is due 21 days following the response.

**Argument**

A federal district court has broad discretion to issue a stay "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). A stay is appropriate to conserve judicial resources, *Webb v. R. Rowland & Co., Inc.*, 800 F.2d 803, 808 (8th Cir. 1986), so as to avoid a "significant and duplicative expenditure of time and resources," *see Harrington v. Wilber*, 670 F. Supp. 2d 951, 956 (S.D. Iowa 2009). *See also Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 763 (8th Cir. 2011) ("The district court has

the authority to refuse to hear this case if it raises issues that substantially duplicate those raised by a case pending in another court.").

In the interest of judicial economy, district courts in the Eighth Circuit commonly exercise their discretion to stay a case where a pending appeal in another case may affect or aid the district court's ultimate ruling. *See Gillick v. Willey*, 4:19-CV-03095 SEP, 2020 WL 5017291, at *2 (E.D. Mo. Aug. 25, 2020) (finding a stay was appropriate to avoid "devoting substantial judicial resources to an unsettled question of law . . . when directly relevant guidance from the Eighth Circuit is forthcoming"); *United States v. McClinton*, No. 15–252 (JRT/TNL), 2017 WL 3381817, at *1 (D. Minn. Aug 4, 2017) (staying a case where the outcome of a pending Eighth Circuit appeal "may affect" the district court's decision); *see also Kayser v. Sw. Bell Tel. Co.*, 410CV1495CDP, 2010 WL 5139351, at *5 (E.D. Mo. Dec. 10, 2010) (finding a stay appropriate where a pending arbitration proceeding "could aid eventual analysis of the issues" even if its outcome was not dispositive).

Indeed, in *Burford v. Monsanto Co.*, No. 4:16-cv 00536 PLC, 2016 WL 3878469, (E.D. Mo. July 18, 2016), a sister district court confronted with an identical procedural scenario found it appropriate to grant a stay while the Eighth Circuit addressed an appeal regarding a motion to remand related to federal officer removal. *Id.* at *4. As here, separate actions involving similar claims against the same defendant were the subject of motions to remand. *Id.* at *3. In one of the actions, a district court granted remand and the defendants appealed to the Eighth Circuit. *Id.* The *Burford* Court, noting the pending appeal in the separate case, reasoned that the Eighth Circuit's decision there "will likely have a significant effect on the ultimate disposition of the instant matter," and stayed the action to "serve the interests of judicial economy." *Id.* at *3–4.

As in *Burford*, the decision by the Eighth Circuit in the consolidated appeal from the *Buljic* and *Fernandez* matters will likely provide relevant guidance to this Court

on the federal officer removal issues pending in this matter. Thus, a stay of the proceedings during the pendency of the consolidated *Buljic* and *Fernandez* appeal would preserve judicial resources and party resources. *See Coyne & Delany Co. v. G. W. Onthank Co.*, 90 F. Supp. 505, 506 (S.D. Iowa 1950) (finding a stay appropriate pending the outcome of separate case involving related issues that would "aid materially" in the court's disposition and thereby reduce the costs of litigation).

\* \* \* \*

In the interests of judicial efficiency, defendants respectfully request that the Court stay all proceedings in this matter until after the Eighth Circuit issues a final ruling on the issues currently pending on appeal in the matters of *Buljic, et al. v. Tyson Foods, Inc., et al.*, No. 21-1010, and *Fernandez, et al. v. Tyson Foods, Inc., et al.*, No. 21-1012.

Dated: February 26, 2021                    Respectfully submitted,

        /s/ Kevin J. Driscoll
Kevin J. Driscoll    AT0002245
Tamara K. Hackmann    AT0003003
**FINLEY LAW FIRM, P.C.**
699 Walnut Street, Suite 1700
Des Moines, Iowa 50309
Telephone: 515-288-0145
Facsimile: 515-288-2724
Email: kdriscoll@finleylaw.com
      thackman@finleylaw.com

Christopher S. Coleman
(Admitted *pro hac vice*)
**Perkins Coie LLP**
2901 N. Central Avenue, Suite 2000
Phoenix, Arizona 85012
Telephone: 602.351.8000
Facsimile: 602-648.7000
Email: CColeman@perkinscoie.com

Mary Gaston
(Admitted *pro hac vice*)
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Email: MGaston@perkinscoie.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that, on February 26, 2021, a true and correct copy of the foregoing document was served upon all counsel of record via the Court's CM/ECF system as follows:

> Matthew L. Preston
> Ann C. Gronlund
> Brad J. Brady
> **BRADY PRESTON GRONLUND PC**
> 2735 First Avenue S.E.
> Cedar Rapids, IA 52402
>
> *Attorneys for the Plaintiffs*

        /s/ Kevin J. Driscoll