IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JENNIFER CANO, Individually and as the Administrator of the ESTATE OF PEDRO CANO RODRIGUEZ, KIMBERLY CANO, Individually, and PETER JUNIOR CANO, Individually,<br><br>      Plaintiffs,<br><br>      vs.<br><br>TYSON FOODS, INC.; TYSON FRESH MEATS, INC.; JOHN H. TYSON; SAMUEL DEAN BANKS; NOEL WHITE; TOM BROWER; ELIZABETH CROSTON; STEPHEN R. STOUFFER; BRENT R. MCELROY; ED MCATEE; SCOTT LITTLE; DOUG WHITE; LAURIE GARCIA; and AMANDA BROWN,<br><br>      Defendants. | Case No. 3:20-cv-94<br><br><br>PLAINTIFFS' RESISTANCE TO DEFENDANTS' MOTION TO STAY |

Plaintiffs, Jennifer Cano, Individually and as the Administrator of the Estate of Pedro Cano Rodriguez; Kimberly Cano, Individually; and Peter Junior Cano, Individually, for their Resistance to Defendants' Motion to Stay filed on February 26, 2021, state:

## **INTRODUCTION**

The Defendants' Motion to Stay primarily rests on a suggestion that in the interest of judicial economy it is sensible to await the Eighth Circuit's decision in the *Buljic* and *Fernandez* matters addressing the orders of remand entered in those matters. The appeal in those matters was just recently filed. It could reasonably be 6 to 12 months before a decision is issued by the Eighth Circuit in those matters.

In an effort by Plaintiffs in the instant matter to avoid waiting on an appeal decision in the *Buljic* and *Fernandez* matters, only to then potentially face an appeal after that in the instant matter, Plaintiffs wrote to Defendants proposing an agreement to avoid that potential. A copy of that correspondence, dated March 4, 2021, is attached hereto as Exhibit 1. Defendants did not agree to that proposal.  A copy of Defendants' response, dated March 8, 2021, is attached hereto as  Exhibit 2.

The concern raised by the Plaintiffs in Exhibit 1 is clearly valid. If Defendants contemplate they may appeal an adverse remand decision in the instant matter, then the interests of time augers in favor of this Court ruling on Plaintiffs' Motion to Remand. This lawsuit was filed in state court on September 23, 2020.  It was removed by Defendants to this Court on November 19, 2020. Defendants' procedural maneuverings have thus far stymied this case so that no progress has been made on it in the almost six months since Plaintiffs filed their action in state court.

## **ARGUMENT**

The U.S. Supreme Court case that is frequently cited for the criteria for a district court to examine in considering a stay while awaiting a potentially controlling appeal decision is *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).  District court decisions cited by Defendants in their Brief in Support of Motion to Stay includes citations to that U.S. Supreme Court opinion.  Defendants' Motion to Stay ignores the totality of what the U.S. Supreme Court cited as stay criteria in *Landis*. The operative language in *Landis* provides as follows:

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which *must weigh competing interests and maintain an even balance*… True, *the suppliant for a stay must make out a clear case of hardship or inequity* in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. *Only*

*in rare circumstances will a litigant in one cause be compelled to stand aside while*
*a litigant in another settles the rule of law that will define the rights of both*.

299 U.S. 248 at 254-55 (internal citations omitted; emphasis added).

This Court has also more recently summarized the competing interests involved in deciding whether to grant a stay – and has noted that prejudice and hardship to the parties must be weighed against judicial economy. *See Struthers v. Ocwen Loan Servicing, LLC*, No. 413CV00189SMRCFB, 2013 WL 12308089, at *2 (S.D. Iowa Nov. 12, 2013) (not reported) ("A federal court is not automatically required to stay when an MDL motion to transfer or consolidate is pending. Manual for Complex Litigation (Fourth) § 20.131. However, district courts have the inherent power as a trial court to stay proceedings in order to control dockets, conserve judicial resources, and 'ensure that each matter is handled with economy of time and effort for [the courts], for counsel, and for litigants.'" *U.S. v. Minnkota Power Co-op., Inc.*, 831 F. Supp. 2d 1109, 1118 (D.N.D. 2011) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (internal quotation marks omitted). A court must weigh competing interests in order to maintain an even balance when exercising this power. *Toppins v. 3M Co.*, 2006 WL 12993, at *1 (E.D. Mo. Jan. 3, 2006). ("[I]n considering a motion for stay, a district court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties."); *see Krakowski v. Am. Airlines, Inc.*, 927 F. Supp. 2d 769, 774 (E.D. Mo. 2013) (citing *Toppins*, 2006 WL 12993, at *1); *see also Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360–62 (C.D. Cal. 1997).

The Court in *Landis* actually expressed a general hostility towards staying proceedings and noted that it is only in the exceptional case where a stay in one case is warranted by an appeal pending in another case. In fact, *Landis* arose out of a matter where the district court granted a stay, which was reversed by the U.S. Supreme Court with the remand back to the district court to re-examine stay in light of the criteria laid out by the Court in *Landis*. 299 U.S. at 259.

Defendants' focus almost exclusively on the element of economy of effort as if that singular factor compels a stay here.  However, every other factor cited by the Court in *Landis* augers against a stay.  Economy of time does not support a stay, as evidenced by Defendants' email attached hereto as Exhibit 2. There remains an apparent possibility that Plaintiffs, in the instant action, will be subject to an appeal by Defendants even after the Eighth Circuit rules in the *Buljic* and *Fernandez* matters.  That appeal could easily add another year or more to the duration of this case, demonstrating the opposite of an "economy of time."

Additionally, as this Court weighs the competing interests as *Landis* requires, Plaintiffs ask the District Court to be mindful again that Defendants' procedural actions have precluded any progress in this case for nearly 6 months already, with a significant likelihood that it will be another 6 to 12 months before the parties have the decision of the Eighth Circuit in the *Buljic* and *Fernandez* matters.  This is the most serious matter possible for Plaintiffs, involving the death of their beloved father as a result of the conduct of Defendants.  Plaintiffs are entitled to have their case move toward a just resolution, and not languish in a procedural standstill engineered by Defendants. *Cf. Sec. & Exch. Comm'n v. First Am. Bank & Tr. Co.*, 481 F.2d 673, 676 n. 3 (8th Cir. 1973) ("Nevertheless, we recognize that justice delayed is justice denied. It is for this reason we have reminded the trial court of its power to fashion adequate relief in this case, if it is still necessary rather than continue with hearings and appeals in other courts.").

Plaintiffs and Defendants have previously agreed to stay all other proceedings in this matter aside from awaiting the ruling on remand and the Court entered an Order staying all other proceedings.  See, docket No. 11 entered December 23, 2020.  As a result of all of that, the weight of economy of effort is strongly outweighed by every other factor cited by the Court in *Landis*.

## **CONCLUSION**

For the reasons cited above, Plaintiffs respectfully request that this Court deny Defendants'

Motion to Stay filed February 26, 2021.


                                */s/ Matthew L. Preston*
                            Matthew L. Preston, AT0006314
                            Ann C. Gronlund, AT0010933
                            Brad J. Brady, AT0001138
                            BRADY PRESTON GRONLUND PC
                            2735 First Avenue S.E.
                            Cedar Rapids, IA  52402
                            Phone: 319/866-9277
                            Fax:  319/866-9280
                            MPreston@BPGlegal.com
                            AGronlund@BPGlegal.com

                            ATTORNEYS FOR PLAINTIFFS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 8, 2021, I electronically filed the foregoing document with the Clerk of Court using the ECF system, which will send notification of such filing to the following attorney of record:

| | |
|---|---|
| Kevin J. Driscoll<br>Tamara K. Hackmann<br>Finley Law Firm, PC<br>699 Walnut Street<br>Suite 1700<br>Des Moines, Iowa50309<br>kdriscoll@finleylaw.com<br>thackmann@finleylaw.com | Christopher S. Coleman<br>(*pro hac vice* forthcoming)<br>Perkins Coie LLP<br>2901 North Central Avenue<br>Suite 2000<br>Phoenix, Arizona 85012<br>CColeman@perkinscoie.com<br><br>Mary Gaston<br>(*pro hac vice* forthcoming)<br>Perkins Coie LLP<br>1201 Third Avenue, Suite 4900<br>Seattle, Washington 98101-3099<br>MGaston@perkinscoie.com |

*/s/ Carol Mann*
Carol Mann, Administrative Assistant



BRAD J. BRADY
MATTHEW L. PRESTON
ANN C. GRONLUND
CARA L. ROBERTS
DAVID T. MEYERS

www.BPGLegal.com

2735 1st Avenue SE
Cedar Rapids, IA 52402
Office (319) 866-9277
Fax (319) 866-9280

**Writer's Contact Info.**
MPreston@BPGLegal.com
Direct Dial (319) 200-8811

March 4, 2021

Mr. Kevin J. Driscoll
Finley Law Firm
699 Walnut Street
Suite 1700
Des Moines, IA  50309

> ***Re:*** ***Cano v. Tyson Foods, et al***
> ***Case No. 3:20-cv-94***

Dear Kevin:

I wanted to follow up on the telephone conversation we had this afternoon regarding Plaintiffs' position on Defendants' Motion to Stay which was filed on February 26, 2021.  The reason for our lack of consent so far is that we do not want to agree to put our matter on hold while awaiting the decision from the Eighth Circuit in the *Buljic* and *Fernandez* unless we have an understanding that the Defendants agree to be bound by a decision of the Eighth Circuit that upholds Judge Reade's Remand Order.

What we wish to avoid is to wait for a ruling from the Eighth Circuit in the above-referenced matters, only to then have the Defendants in our matter indicate even if there is an affirmance that there are sufficient differences between our matter and the *Buljic* and *Fernandez* decisions, that Defendants will require the District Court in our matter to rule on our remand and reserve the right to appeal that decision.  If Defendants wish to retain that option, that would reinforce why we would continue to seek a ruling on our pending remand motion.

In light of the above, we will consent to Defendants' pending Motion to Stay, if Defendants will agree that they are bound  by an affirmance from the Eighth Circuit of Judge Reade's Remand Order, and will consent to the District Court in our matter similarly granting remand, upon such an affirmance.

With our deadline to resist the Motion to Stay being March 8, we would appreciate hearing back as soon as possible.  I believe rather than us seeking an extension of that March 8 deadline, it will be our plan to file a resistance by that date if needed. Therefore, if you are able to get back to us before then, we would greatly appreciate it as it will eliminate the need for us to file a resistance, if we reach the above offered agreement.  Thank you very much.

Exhibit 1
Page 1 of 2

# BRADY PRESTON GRONLUND PC

Mr. Kevin J. Driscoll
March 4, 2021
Page 2 of 2

Sincerely,

BRADY PRESTON GRONLUND PC

MATTHEW L. PRESTON

MLP:cam

cc:     Christopher S. Coleman (via email - CColeman@perkinscoie.com )
        Mary Gaston (via email - MGaston@perkinscoie.com)

Exhibit 1
Page 2 of 2

| From: | Kevin Driscoll |
|---|---|
| To: | Matt L. Preston |
| Cc: | CColeman@perkinscoie.com; MGaston@perkinscoie.com; Brad J. Brady; Ann C. Gronlund; Carol A. Mann; Peggy L. Patters; Gaston, Mary Z. (Perkins Coie); Coleman, Chris (Perkins Coie); Tammy Hackmann; Andrew Patton |
| Subject: | RE: Cano v. Tyson - MLP ltr re Motion to Stay attached |
| Date: | Monday, March 8, 2021 7:46:31 AM |

Matt,

We appreciate your proposal. As we noted in our motion, we believe the Eight Circuit's forthcoming decision will likely provide highly relevant guidance for the court's consideration of the need for remand. That said, it's not clear to us that the parties have the ability to agree to "be bound" by that decision before it has been issued, nor would it be appropriate to do so, as it will ultimately be up to the district court to determine the impact of the ruling on this case after it is issued by the Eighth Circuit. It is for that very reason that we believe the case should be stayed pending the issuance of the ruling. Please let me know if we can come to an agreement on this matter. Best regards,



**Kevin J. Driscoll**
Finley Law Firm, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA  50309
P: 515.288.0145
Direct: 515.323.6648 | Bio
kdriscoll@finleylaw.com
www.finleylaw.com

**From:** Matt L. Preston <MPreston@bpglegal.com>
**Sent:** Thursday, March 4, 2021 4:48 PM
**To:** Kevin Driscoll <kdriscoll@finleylaw.com>
**Cc:** CColeman@perkinscoie.com; MGaston@perkinscoie.com; Brad J. Brady <BBrady@bpglegal.com>; Ann C. Gronlund <AGronlund@bpglegal.com>; Carol A. Mann <CMann@bpglegal.com>; Peggy L. Patters <PPatters@bpglegal.com>
**Subject:** Cano v. Tyson - MLP ltr re Motion to Stay attached

**External Email:** Use caution when opening attachments from unknown senders.

Kevin, please see my attached letter which outlines Plaintiffs' position on Defendants' Motion to Stay. Thanks.
Matthew L. Preston
BRADY PRESTON GRONLUND PC
2735 First Ave SE
Cedar Rapids, Iowa 52402

Exhibit 2
Page 1 of 2

Direct Dial: 319/200-8811
Office: 319/866-9277
Fax: 319/866-9280
E-Mail: MPreston@BPGLegal.com
www.BPGLegal.com

**Confidentiality Notice:** This E-mail (including any attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C.§§2510, et. Seq. is confidential and may be legally privileged. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Thank you.

**IRS Circular 230 Disclosure:** Although this written communication (including attachments) may address certain tax issues, it is not intended to constitute a reliance opinion as described in IRS Circular 230 and, therefore, it cannot be relied upon by itself to avoid any tax penalties.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

Exhibit 2
Page 2 of 2