IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| JENNIFER CANO, Individually and as the Administrator of the ESTATE OF PEDRO CANO RODRIGUEZ, KIMBERLY CANO, Individually; and PETER JUNIOR CANO, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>TYSON FOODS, INC., TYSON FRESH MEATS, INC, SAMUEL DEAN BANKS, NOEL WHITE, TOM BROWER, ELIZABETH CROSTON, STEPHEN R. STOUFFER, BRENT R. MCELROY, ED MCATEE, SCOTT LITTLE, DOUG WHITE, LAURIE GARCIA, AMANDA BROWN, and JOHN H. TYSON,<br><br>Defendants. | 3:20-cv-00094-JAJ-HCA<br><br><br><br><br><br>ORDER GRANTING MOTION TO STAY/HOLD PROCEEDINGS IN ABEYANCE |

Before the Court is Defendants Tyson Foods, Inc., Tyson Fresh Meats, Inc., John H. Tyson, Samuel Dean Banks, Noel White, Tom Brower, Elizabeth Croston, Stephen R. Stouffer, Brent R. McElroy, Ed McAtee, Scott Little, Doug White, Laurie Garcia, and Amanda Brown's ("Defendants") Expedited Motion to Stay/Hold Proceedings in Abeyance, filed on February 26, 2021. ECF No. 19. Plaintiffs Jennifer Cano, Individually and as the Administrator of the Estate of Pedro Cano Rodriguez, Kimberly Cano, and Peter Junior Cano ("Plaintiffs") filed a Resistance on March 8, 2021. ECF No. 21. The Court considers the matter fully submitted.

# I. FACTUAL AND PROCEDURAL HISTORY

Plaintiffs filed a two-count Petition in the Iowa District Court for Johnson County on September 23, 2020. ECF No. 1-1. Plaintiffs brought tort claims against Defendants for themselves and on behalf of decedent Pedro Cano Rodriguez ("Rodriguez"), who was an employee of a Tyson Fresh Meats Plant in Columbus Junction, Iowa. *Id.* ¶¶ 2-50. Plaintiffs allege Defendants' gross negligence caused Rodriguez to be exposed to COVID-19 at the Tyson Plant. *Id.* Plaintiffs also allege Defendants made false representations and/or omissions related to the COVID-19 status at Tyson facilities. *Id.* Rodriguez ultimately passed-away due to complications of COVID-19. *Id.*

Defendants removed the action to this Court on November 19, 2020. ECF No. 1. Defendants base removal on the federal officer removal statute and federal question jurisdiction. *Id.* at 4-15. *See also* 28 U.S.C. § 1442(a)(1); § 1331; *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521 (8th Cir. 2020). Defendants filed two Motions to Dismiss for Failure to State a Claim on December 7, 2020. ECF Nos. 5-6. Plaintiffs filed a Motion to Remand on December 16, 2020, which is fully briefed. ECF No. 9. Plaintiffs challenge federal officer removal arguing Defendants cannot point to an order or directive by a federal officer that directed them to engage in the conduct alleged in the Petition, nor can Defendants show they were "acting under" a federal officer, and Defendants cannot show causation or provide a colorable federal defense. *Id.* at 4-10. Plaintiffs also challenge federal question jurisdiction, arguing the case does not "arise under" federal law. *Id.* at 16-20. On December 23, 2020, the Court granted a Motion to Stay all deadlines related to the motions to dismiss and the deadline to file a proposed scheduling order until the Court issued a ruling on the Motion to remand, so the only active deadlines were those

related to the Motion to Remand. ECF No. 11. As the Motion to Remand is fully briefed, there are currently no active deadlines in the case.

Defendants seek to stay the case entirely while the Eighth Circuit considers jurisdictional issues virtually identical to those in this case. Defendants cite to two cases (also brought against Tyson, with several other of the same Defendants) out of the United States District Court for the Northern District of Iowa ("NDIA"). Defs. Brief, ECF No. 19-1 at 3. *See Buljic et al v. Tyson Foods, Inc et al*, 6:20-cv-02055-LRR-KEM, ECF No. 57 (N.D. Iowa Dec. 28, 2020); *Fernandez v. Tyson Foods, Inc et al*, 6:20-cv-02079-LRR-KEM, ECF No. 49 (N.D. Iowa Dec. 28, 2020).

The *Buljic* and *Fernandez* cases are similar to each other and the present case in several ways; both were brought in state court after employees of Tyson plants had died due to complications of COVID-19, with plaintiffs attributing fault to Tyson. *Buljic*, ECF No. 15; *Fernandez*, ECF No. 22.[1] Defendants removed both *Tyson* cases from state to federal court based on the federal officer removal statute and federal question jurisdiction. *Id.* Plaintiffs in both cases challenged jurisdiction with motions to remand. *Id.* Plaintiffs argued federal officer removal was improper because defendants had failed to identify any federal directive they were acting under when the decedents had been working, failed to show causation, and failed to raise a colorable federal defense. *Id.* Plaintiffs asserted federal question jurisdiction also was improper because their claims were state law claims and did not invoke questions of federal law. *Id.* These arguments are nearly identical to those made in Plaintiffs' Motion to Remand in the present case. *See* ECF No. 9-1.

---

[1] These citations refer to the Motions to remand filed in the NDIA. This paragraph cites to both motions when it uses "*Id.*"

Judge Reade, of the NDIA, remanded both cases to state court. *Buljic*, ECF No. 57; *Fernandez*, ECF No. 49. Defendants appealed both decisions to the Eighth Circuit. On February 8, 2021, the Eighth Circuit consolidated the NDIA *Tyson* cases and stayed remand until it issues a ruling. *Buljic, et al v. Tyson Foods Inc, et al*, 21-1010; *Fernandez, et al. v. Tyson Foods, Inc., et al.*, No. 21-1012. Defendants now ask the Court to stay the present case until the Eighth Circuit rules on the consolidated NDIA Tyson case appeal.

## II. LEGAL STANDARD AND ANALYSIS

The Court must decide whether it will stay the case pending a ruling on the NDIA cases by the Eighth Circuit. Defendants argue a stay is appropriate in order to conserve judicial resources and provide clarity on the issue of remand. ECF No. 19. Plaintiffs argue they will be prejudiced by a stay, primarily due to the time it will take the Eighth Circuit to decide the *Buljic* and *Fernandez* cases and subsequent uncertainty about whether Defendants will appeal the decision of this Court even if a stay is granted. ECF No. 12.

Federal courts have broad discretion to stay proceedings, as they have broad discretion in managing their dockets. *Landis v. North. Am. Co.*, 299 U.S. 248, 253 (1936). Courts may choose to stay proceedings while a similar case is pending in another court so as to avoid duplicative litigation. *Cottrell v. Duke*, 737 F.3d 1238, 1249 (8th Cir. 2013). Factors courts consider when determining whether to grant a stay include: "(1) the potential prejudice to the non-moving party caused by the delay; (2) whether a stay will simplify the issues; (3) whether discovery is complete and a trial date set; and (4) the source of the governing law." *Brown v. Louisiana-Pac. Corp.*, No. 4:12-cv-00102-SMR-TJS, 2013 WL 11826550, at *1 (S.D. Iowa June 14, 2013).

Upon weighing the interests of the Parties, the Court determines a stay is appropriate. Discovery at this point has been minimal and no trial date has been set. The arguments made by

4

Plaintiffs in the present Motion to Remand and the ones in the NDIA are essentially the same. As such, the Eighth Circuit's ruling on appeal of the *Buljic* and *Fernandez* cases will provide direct guidance as to how the Court should handle the present Motion to Remand. A stay will significantly simplify the issue of remand. Plaintiffs are correct that waiting for a ruling from the Eighth Circuit will take an appreciable amount of time. This waiting period will benefit the Court, counsel, and the litigants because at its conclusion there will be law that is directly relevant to the present case. A stay will prevent the Parties from exerting unnecessary time and resources in a potentially improper venue. The Court finds any prejudice to the Plaintiffs is outweighed by the benefits of a stay. Given the circumstances, staying the case in its entirety will preserve judicial economy and the Parties' resources. The Motion to Stay [ECF No. 19] is **granted**.

### III. CONCLUSION

For the aforementioned reasons, the Motion Stay/Hold Proceedings in Abeyance is **GRANTED**. The case is stayed until the Eighth Circuit has ruled on the *Buljic* and *Fernandez* cases. The parties shall file a status report on the progress of the appeal by no later than **June 30, 2021.**

IT IS SO ORDERED.

Dated March 10, 2021.

Helen C. Adams
Chief U.S. Magistrate Judge