# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JENNIFER CANO, Individually and as the Administrator of the ESTATE OF PEDRO CANO RODRIGUEZ, KIMBERLY CANO, Individually, and PETER JUNIOR CANO, Individually,<br><br>Plaintiffs,<br>vs.<br><br>TYSON FOODS, INC., TYSON FRESH MEATS, INC, SAMUEL DEAN BANKS, NOEL WHITE, TOM BROWER, ELIZABETH CROSTON, STEPHEN R. STOUFFER, BRENT R. MCELROY, ED MCATEE, SCOTT LITTLE, DOUG WHITE, LAURIE GARCIA, AMANDA BROWN, and JOHN H. TYSON,<br><br>Defendants. | No. 3:20-cv-00094-JAJ-HCA<br><br>**OPINION AND ORDER ON PLAINTIFFS' MOTION TO REMAND** |

_____

Relatives of an employee at a meat-packing plant who died from COVID-19 that he allegedly contracted at the plant filed this action in state court against the meat-packing company and various of its officers and managers seeking damages for gross negligence and fraudulent misrepresentation. For the sake of simplicity, the court will refer to the plaintiffs as the Canos and the defendants, collectively, as Tyson.

Tyson removed this action based on the "federal officer removal statute," 28 U.S.C. § 1442(a)(1), and federal question jurisdiction pursuant to 28 U.S.C. § 1332. On December 16, 2020, the Canos filed a Motion For Remand [Dkt. No. 9], challenging removal on either ground and seeking remand to Iowa state court pursuant to 28 U.S.C. 1447(c). Tyson filed its Resistance [Dkt. No. 12] on December 30, 2020, and the Canos filed their Reply [Dkt. No. 13] on January 6, 2021. On March 10, 2021, however, the court entered an Order Granting Motion To Stay/Hold Proceedings In Abeyance [Dkt. No. 22], staying this case

until the Eighth Circuit Court of Appeals ruled on appeals in *Buljic et al. v. Tyson Foods, Inc et al.*, 6:20-cv-02055-LRR-KEM, ECF No. 57 (N.D. Iowa Dec. 28, 2020), and *Fernandez v. Tyson Foods, Inc et al.*, 6:20-cv-02079-LRR-KEM, ECF No. 49 (N.D. Iowa Dec. 28, 2020), which involved jurisdictional issues virtually identical to those in this case.

The Eighth Circuit Court of Appeals entered its ruling on the consolidated appeals in *Buljic* and *Fernandez* on December 30, 2021. *See Buljic v. Tyson Foods, Inc.*, 22 F.4th 730 (8th Cir. 2021). On February 22, 2022, the Eighth Circuit Court of Appeals denied Tyson's petitions for rehearing by the panel and rehearing en banc. *See* Order, *Buljic v. Tyson Foods, Inc.*, No. 21-1010 (8th Cir. Feb. 22, 2022). Therefore, the court may now lift the stay and resolve the pending Motion For Remand with the guidance of the ruling of the Eighth Circuit Court of Appeals on some of the pertinent questions. For the reasons stated below, the Canos' December 16, 2020, Motion For Remand [Dkt. No. 9] is **GRANTED in part and DENIED in part**.

In *Buljic*, the Eighth Circuit Court of Appeals provided a thorough statement of the responses to the COVID-19 pandemic by both the federal government and Tyson. 22 F.4th at 734-37. That same background is pertinent, here, so this court need not repeat it. After a detailed analysis, the Eighth Circuit Court of Appeals "conclude[d] that Tyson was not 'acting under' a federal officer at the time that Plaintiffs' relatives contracted COVID-19 and [the case] is therefore not eligible for removal under the federal officer removal statute." 22 F.4th at 742. For the same reasons set out by the Eighth Circuit Court of Appeals in *Buljic*, Tyson is not eligible to remove this case under the federal officer removal statute.

The Eighth Circuit Court of Appeals did not address Tyson's "federal question jurisdiction" alternative for removal in *Buljic*, however, because the court concluded that "Tyson has abandoned any such argument." *Id*. This court will assume that Tyson has not and does not intend to abandon its "federal question jurisdiction" alternative in this case. Therefore, this court will address that alternative.

"The proponent[] of federal jurisdiction [here, Tyson,] bear[s] 'the burden to establish federal subject matter jurisdiction,' and 'all doubts about federal jurisdiction must be resolved in favor of remand.'" *Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 691 (8th Cir. 2016) (quoting *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009)). Tyson does not assert that this case falls into the usual category of removable cases in which the plaintiff asserts a federal claim—that is, a cause of action created by federal law—on the face of the complaint. *See id.* (explaining that whether removal based on a federal question is proper begins with application of the well-pleaded complaint rule, which "'provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint'" (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 397 (1987)). Indeed, "'[t]he plaintiff is master of his claim and may avoid federal removal jurisdiction by exclusive reliance on state law.'" *Id.* at 691–92 (quoting *M. Nahas & Co., Inc. v. First Nat'l Bank of Hot Springs*, 930 F.2d 608, 611 (8th Cir. 1991)); *Johnson v. MFA Petroleum Co.*, 701 F.3d 243, 247 (8th Cir. 2012) ("As master of the complaint, a state plaintiff can generally avoid removal to federal court by alleging only state law claims."). Tyson does not dispute that the Canos have pleaded state law claims of gross negligence and fraudulent misrepresentation and have not pleaded any federal law claims.

Tyson argument is, instead, that this is one in a small category of cases in which "'federal-question jurisdiction will lie over state-law claims that implicate significant federal issues.'" *Baker v. Martin Marietta Materials, In*c., 745 F.3d 919, 923–24 (8th Cir. 2014) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005)); *see also Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 331 (8th Cir. 2016) ("This rule applies only to a 'special and small category' of cases that present 'a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous . . . cases.'" (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 699–700 (2006)). More specifically, if federal law does not create a plaintiff's cause of action, "federal question jurisdiction

may exist if [the plaintiff's] 'state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Great Lakes Gas Transmission Ltd. P'ship,* 843 F.3d at 331 (quoting *Grable & Sons Metal Prods.*, 545 U.S. at 314); *Moore*, 828 F.3d at 691; *see also Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521 (8th Cir.) (explaining that a case "arises under" federal law within the meaning of 28 U.S.C. § 1331 if "a federal forum may entertain a state law claim implicating a disputed and substantial federal issue 'without disturbing any congressionally approved balance of federal and state judicial responsibilities'" (quoting *Grable & Sons Metal Prods.*, 545 U.S. at 314)), *cert. denied*, 141 S. Ct. 621 (2020).

Tyson argues that the Canos are claiming that Tyson should not have complied with federal directives; should have taken more or different measures than were mandated by the federal directives; and violated federal law by allegedly failing to take certain precautions. Tyson argues that these issues directly implicate the uniquely federal interest in civil liabilities arising from the government's defense priorities determinations, so that there is a clear interest in the availability of a federal forum to address them. Tyson also argues that the Canos elected to premise their claims on violations and interpretations of federal laws, which makes their claims removable. Indeed, Tyson argues, multiple federal issues plainly and necessarily raised by the Petition permeate every aspect of the Canos' claims. Finally, Tyson argues that the Canos ignore Tyson's federal designation as critical infrastructure and the directives Tyson received to continue operating in this national emergency. Tyson argues that how and whether it followed those designations and directives is an issue of federal law that should be resolved by a federal court.

Tyson's arguments are unavailing because they are little more than a reframing of Tyson's failed "federal officer jurisdiction" argument. As the Eighth Circuit Court of Appeals explained in *Buljic*, "No statement issued or action taken [by federal officials and agencies] before Tyson shut down its Waterloo facility on April 22—and before Plaintiffs' relatives contracted COVID-19—constituted a federal directive that subjected Tyson to the

guidance and control of the federal government or enlisted Tyson to undertake a governmental task." 22 F.4th at 740.  It follows that no such statements or actions meant that Tyson was acting pursuant to federal law; in fact, no such statements or actions required Tyson to take any action at all.  Thus, no substantial federal interest is implicated by the Canos' claims, even as they are characterized by Tyson.  *Great Lakes Gas Transmission Ltd. P'ship,* 843 F.3d at 331 (explaining that federal question jurisdiction over a state-law claim requires that the state-law claim necessarily raises a stated federal issue, actually disputed and substantial).

Although Tyson points to the Canos' allegation that "Tyson did not abide by all state and federal rules, regulations and guidance designed to reduce and prevent the spread of COVID-19," Pet. ¶ 49(*l*), the Canos did not cite or allege violations of any binding federal rules or regulations with the force of law.  Furthermore, the cited allegation is far from the gravamen of any claim, because, at most, it identifies one of several alleged indicia of negligence, which does not raise a substantial federal issue that should be resolved by a federal court.  *Great Lakes Gas Transmission Ltd. P'ship,* 843 F.3d at 331.

Finally, as the Eighth Circuit Court of Appeals explained, designation of a sector of the meat-packing industry as "critical" does not mean that Tyson was operating under the direction of federal officers or otherwise "federalize" its operations sufficiently to confer federal officer removal jurisdiction.  *Buljic*, 22 F.4th 740.  Again, it follows that such a designation did not mean that Tyson was acting pursuant to federal law.  Therefore, there is no substantial issue of federal law that should be resolved by a federal court.  *Great Lakes Gas Transmission Ltd. P'ship,* 843 F.3d at 331.

The decision of the Eighth Circuit Court of Appeals in *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519 (8th Cir.), *cert. denied*, 141 S. Ct. 621 (2020), on which Tyson relies, is not to the contrary.  In *Wullschleger*, the "plaintiffs rel[ied] explicitly on federal law throughout their pleadings," but the court nevertheless concluded that federal question removal could not be based on a claim in which an element might depend on a violation of federal law.  953 F.3d at 521.  Here, Tyson's alleged violation of federal rules, regulations,

5

and guidance designed to reduce and prevent the spread of COVID-19 is one *possible* way the Canos could prove an element of their state-law claims, but that is not enough under *Wullschleger*. *Id*. (holding it was not enough to confer federal question jurisdiction to include a violation of federal law as an element of a claim, where the claim did not necessarily depend on the federal violation).

The court in *Wullschleger* did find federal question jurisdiction, however, on the basis of paragraph after paragraph of the plaintiffs' complaint alleging state-law claims that relied on non-compliance with federal laws and federal guidance, meaning the "dependence on federal law permeates the allegations such that the [state-law claims] cannot be adjudicated without reliance on and explication of federal law." *Id*. at 522. Again, that is not the case, here, where Tyson has identified only a handful of paragraphs referencing federal responses to the pandemic. Some of those paragraphs simply identify state and federal declarations that provide context to, but not requirements for, Tyson's actions. Very few of the many allegations of Tyson's gross negligence and deceit depend upon alleged violations of federal guidance. Tyson's contention that federal law "permeates" the Canos' claims is a mischaracterization that does not establish federal question jurisdiction.

Thus, Tyson has failed to meet its burden to establish federal subject matter jurisdiction in this case, and remand is appropriate. *Moore*, 828 F.3d at 691 (identifying who bears the burden of proof on this issue). Because this court lacks subject matter jurisdiction, it would be inappropriate for this court to address the separate Motions To Dismiss [Dkt. Nos. 5 and 6] by the corporate defendants and the individual defendants, respectively, that are also now pending before this court.

If the Canos' Motion To Remand is granted, the Canos seek an award of their attorneys' fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c). The pertinent part of § 1447(c) states, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Eighth Circuit Court of Appeals has explained that the

standard for an award under § 1447(c) is that the defendant "'lacked an objectively reasonable basis for seeking removal.'"  *Moore*, 828 F.3d at 694 (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005)); *see also Robinson v. Pfizer, Inc.*, 855 F.3d 893, 898 (8th Cir. 2017) (observing, in dicta, that § 1447(c) does not appear to be a "sanction rule" but "merely a fee-shifting statute").  On the other hand, where the defendant made a "colorable" argument for federal jurisdiction, a request for attorney fees was properly rejected.  *Id.*  Here, Tyson's arguments for removal presented issues of first impression and were objectively reasonable and colorable.  The court will not award attorney's fees and costs incurred as a result of Tyson's removal of this action under these circumstances.

Upon the foregoing,

**IT IS ORDERED** that the *stay* in this matter entered on March 10, 2021, is **lifted**.

**IT IS FURTHER ORDERED** that the Canos' December 16, 2020, Motion For Remand [Dkt. No. 9] is **GRANTED in part and DENIED in part**, as follows:

1. The Motion is **granted** to the extent that this case is **remanded** to the Iowa District Court for Johnson County pursuant to 28 U.S.C. § 1447(c); but

2. The Motion is **denied** as to the request for an award of the Canos' attorneys' fees and costs incurred as a result of Tyson's removal of this action.

**DATED** this 22nd day of February, 2022.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA